## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the date of execution between plaintiffs, CE Design, Ltd., Paldo Sign and Display Co., and Addison Automatics, Inc., individually and as the representatives of the settlement class in this matter (collectively "Plaintiffs"), and defendant, King Supply Co., LLC d/b/a King Architectural Metals ("King" or "Defendant"). The parties to this Agreement are collectively referred to herein as the "Parties."

**WHEREAS**, Plaintiffs and Defendant are Parties to a civil action entitled *CE Design, Ltd. v. King Supply Co., LLC d/b/a King Architectural Metals*, Case No. 09 CV 2057, currently pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "Litigation"); and

**WHEREAS**, Plaintiffs allege in the Litigation that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") committed common law conversion, and violated other state laws by faxing advertisements without the recipients' prior express invitation or permission; and

**WHEREAS**, Defendant has denied any liability and has denied that Plaintiffs and the putative class are entitled to any relief, but has nevertheless agreed to settle with Plaintiffs and a class of similarly-situated persons all claims, demands, and liabilities, asserted or which could have been asserted in the Litigation; and

**WHEREAS**, the Parties have agreed on a compromise and settlement that is in the best interests of all Parties, including the named Plaintiffs and all other members of the Settlement Class; and

**WHEREAS,** the Parties agree to the following class definition for settlement

purposes only: "All persons who were sent any telephone facsimile message in 2009 by King Architectural Metals but who did not directly request that King Architectural Metals send the specific facsimile they received" (defined below as the "Settlement Class"); and

**WHEREAS**, the Parties agree that the Settlement Class includes approximately 143,000 persons to whom Defendant sent more than 669,000 facsimiles in 2009; and

**WHEREAS,** a finding of liability under the TCPA, with statutory damages of $500 for each of those faxes, would result in an award of approximately $334,958,500; and

**WHEREAS**, such a judgment would bankrupt Defendant and cause the dissolution of its business and, in any event, Defendant has insufficient assets to provide class-wide relief for the facsimiles at issue; and

**WHEREAS**, Defendant promptly tendered its defense in the Litigation to its insurers which had issued two commercial general liability primary policies to King for the policy periods of March 20, 2008 to March 20, 2010. Its insurers also issued two commercial umbrella policies to King for the policy periods of March 20, 2008 to March 20, 2010. Its insurers denied coverage and refused to defend King in this Litigation under these policies;

**WHEREAS**, after considering: (1) the benefits to the Settlement Class; (2) the fact that Defendant has demonstrated that it would have to file for bankruptcy if a judgment other than by this settlement were entered against it; (3) the attendant

risks, costs, uncertainties, and delays of litigation; (4) Defendant's limited financial resources; (5) the coverage defenses of King's insurers and their refusal to defend or indemnify the claims asserted against Defendant, Plaintiffs and Plaintiff's Counsel have concluded that the terms and conditions provided for in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving the Litigation; and

**WHEREAS**, after considering, among other things, the additional expense and delay that would result from the continuation of the Litigation, the potential exposure to liability that would greatly exceed the limits of its insurance, and the coverage defenses of King's insurers, Defendant has determined that it is appropriate to resolve the Litigation upon the terms and conditions this Agreement provides; and

**WHEREAS,** this Agreement has been negotiated among the Parties and Counsel in good faith and at arm's length; and

**WHEREAS**, the Parties stipulate and agree that the claims of the Settlement Class (including the individual claims of Plaintiffs) against Defendant should be and are hereby forever compromised and settled, subject to the approval of the Court, upon the terms and conditions set forth herein:

1. **<u>Recitals</u>**. The recitals stated above are incorporated herein and made a part hereof.

2. **<u>Second Amended Complaint</u>**. Plaintiff will file a Second Amended Complaint concurrently with their motion for preliminary approval that pleads the

3

state law conversion claim that was previously dismissed by the Court in an interlocutory order. Defendant need not file an answer to the Second Amended Complaint unless the settlement reflected by this Agreement ("Settlement") is rejected or voided, in which case an answer would be due 30 days after the act rejecting or voiding the Settlement.

3.  **For Settlement Purposes Only**. This Agreement is entered into for purposes of resolving all disputes between Defendant and the Settlement Class. The Parties expressly agree that if this Agreement and the Settlement are not finally approved, this Agreement is null and void *ab initio* and may not be used by either party for any purpose. As used in this section, "finally approved" means that the terms of this Agreement and the Settlement are approved in a final, non-appealable order.

4.  **The Settlement Class**. The "Settlement Class" is defined as "[a]ll persons who were sent any telephone facsimile message in 2009 by King Architectural Metals but who did not directly request King Architectural Metals send the specific facsimile they received." Excluded from the Settlement Class are King Supply Company, LLC d/b/a King Architectural Metals, any of its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, partners, members, agents, servants, and employees of any kind, and the members of their immediate families. Also excluded are persons who timely exercised their right of exclusion. The Parties agree to the certification of this Settlement Class for settlement purposes only. If this Agreement or the Settlement are not

4

consummated, this stipulation shall not be binding on Defendant, nor used against Defendant in any manner. Upon entry of the Final Approval order in this matter (as defined below), all members of the Settlement Class will be bound by the terms of the Final Approval Order unless they timely exercised their right to be excluded from the Settlement Class. Although it argued that this action could not proceed on a class basis for the purposes of litigation, Defendant agrees, for purposes of settlement only, not to oppose class certification of the proposed Settlement Class as set forth in this Agreement. Plaintiffs contend that the action could proceed on a class basis for litigation purposes but agree that, in the event that this Agreement or Settlement are not finally approved, and do not become part of a final, non-appealable order, they cannot and will not use Defendant's agreement not to oppose the settlement in support of class certification for litigation purposes, including, but not limited to using this Agreement as evidence of the propriety of class certification or arguing that Defendant should be estopped from opposing class certification in this or any other case. Defendant reserves the right to file a statement that sets forth the reasons why it believes that this action could not proceed on a class-wide basis for the purposes of litigation.

5. **<u>Submission of Financial Information</u>**. Defendant has produced to Plaintiffs its 2008 and 2009 tax returns, and a loan modification in effect between it and its lender, the Bank of America, containing a covenant that finds King in default if it becomes subject to a final order or judgment for an amount in excess of $200,000. King has furnished a copy of this covenant to Plaintiffs' counsel and, if

requested, will make such proof available to the Court for review as part of the settlement approval process. Additionally, if requested, King will submit its 2008 and 2009 tax returns to the Court for consideration *in camera* at preliminary approval. King designated the aforementioned documents as confidential under the Protective Order in the litigation entered on October 13, 2009.

      6.   **Preliminary Approval and Class Notice**. The Plaintiffs will move the Court for the Certification of a Settlement Class and entry of an Order Preliminarily Approving this Settlement. Defendant, as set forth above, will not oppose the certification of the Settlement Class, and supports the Plaintiffs' Motion seeking preliminary approval of the Settlement. The Plaintiffs will request that the Court enter an Order Preliminarily Approving the Class Action Settlement and Approving the Class Notice (the "Preliminary Approval Order") in the form attached hereto as Exhibit 1, including approving the Notice of Class Action Settlement in the form attached hereto as Exhibit 2, which will be sent by fax. If the Court requires non-substantive changes in the Notice or Preliminary Approval Order, the Parties agree that such non-substantive changes will not invalidate this Agreement. However, this Agreement and the Settlement are expressly contingent upon the Court making the findings described herein, entering the Preliminary Approval Order and Final Approval Order containing the Judgment. Defendant will pay all expenses associated with providing the notice of the settlement to Settlement Class members by facsimile. Defendant will also notify the appropriate government officials of the settlement sufficient to satisfy the requirements of 28 U.S.C. § 1715.

If more than 200 Settlement Class members opt out or exclude themselves from the Settlement, then Defendant shall have the right, but not the obligation, to cancel the Settlement.

      7.    **Judgment and Payment**. Plaintiffs will move the Court to enter judgment in favor of the Settlement Class and against Defendant in the total amount of $20,000,000.00 for all claims that were brought or could have been brought arising out of the more than 669,000 faxes sent in 2009 (the "Judgment"), allocated as follows: (1) $15,650,415 for TCPA claims, (2) $3,349,585 for conversion claims, and (3) $1,000,000 for all other claims. Defendant agrees not to oppose this motion.

      In a dollar-for-dollar partial satisfaction of $200,000 of the TCPA portion of the Judgment, within three business days after the Final Approval Order becomes final and non-appealable, Defendant will pay $200,000 by wire transfer or certified check to Plaintiffs' attorneys, who will hold it in a segregated client trust account for the benefit of the Settlement Class. Failure by Defendant to make this $200,000 payment will give Plaintiffs the option of revoking the Settlement and reinstating the case. In exchange for the Settlement, and except for the $200,000 payment from Defendant referenced in this paragraph, Plaintiffs and the Settlement Class covenant not to execute against Defendant or Defendant's assets other than insurance to collect the Judgment. The Judgment or final order shall not obligate Defendant at any time to pay money in excess of $200,000, except through its insurance policies.

The Judgment will be effective as of the Effective Date of the Agreement as defined herein. If the Court does not grant preliminary or final approval of the Settlement contemplated under this Agreement or if the Court's Final Approval Order is reversed or substantially modified on appeal, then the Judgment, this Agreement and the Settlement shall be null and void *ab initio* and all Parties shall have the same rights that they had prior to entering into this agreement, including the right to pursue all post-judgment motions and appellate review of the matter.

8. **Covenant Not to Execute**. The Plaintiffs and the Settlement Class agree not to seek to execute against, attach, lien, or otherwise seek to acquire any interest in the property or assets of King or its members, partners, agents, officers, directors, shareholders, and employees of any kind (other than proceeds of King's insurance policies and the $200,000 payment from King required above) to satisfy or recover on the Judgment, and agree to seek recovery to satisfy the Judgment only from Defendant's insurance policies and from the $200,000 payment from King required above. Plaintiffs and the Settlement Class agree not to execute against Defendant's non-insurance assets – outside of the $200,000 payment from King required above – even if a determination is made that Defendant's insurance carriers do not owe defense or indemnity coverage for the claims alleged in the Litigation.

9. **Actions regarding the Insurers**. King will not notify its insurers about this settlement. If King (or its agents, representatives, or attorney) do notify its insurers, then Plaintiffs have the right, but not the obligation, to cancel this

settlement. If the insurers file any action against King or Plaintiffs sooner than one week after entry of the Final Approval Order by the district court, then Plaintiffs have the right, but not the obligation, to cancel this settlement. Provided, however, that Plaintiffs shall have no right to cancel this settlement if insurers file any action against King or Plaintiffs after learning about the settlement directly or indirectly from Plaintiffs or Plaintiffs' Counsel. King agrees that it will not file any action against its insurers concerning Plaintiffs' claims less than 2 years after entry of the Final Approval Order by the district court. Upon written request from Plaintiffs' attorneys, King agrees to waive personal jurisdiction in any action filed to recover the Judgment.

10. **Relief to Plaintiffs and the Settlement Class**. Defendant agrees to allow Judgment to be entered against it in the total amount of $20,000,000.00 in favor of the Settlement Class (represented by Plaintiffs and their attorneys), allocated as follows: (1) $15,650,415 for TCPA claims; (2) $3,349,585 for conversion claims; and (3) $1,000,000 for all other claims. Regarding that Judgment, the Settlement Class agrees not to seek to execute against, attach, lien or otherwise seek to acquire any interest in any assets or property of any kind of Defendant or its members, partners, agents, officers, directors, shareholders, or employees of any kind, other than: (1) the proceeds of the insurance policies referenced herein and (2) the $200,000.00 payment from Defendant referenced in Paragraph 7 above. The Plaintiffs and the Settlement Class will seek to satisfy or recover on the Judgment only from the insurance policies issued by Defendant's insurers. The Plaintiffs and

the Settlement Class agree and covenant that the Judgment will be enforceable only against the proceeds of Defendant's insurance policies, the $200,000.00 from King as explained in Paragraph 7 above, and from no other source whatsoever. Plaintiffs, the Settlement Class, and their counsel, will pursue an action and attempt to recover the Judgment against Defendant's insurance policies and insurers.

Each Settlement Class member, including Plaintiffs, who does not opt out or exclude itself from the Settlement, will be sent a pro rata share of the amount recovered by judgment or settlement from Kings' insurers. This amount is subject to further litigation and compromise with the Defendant's insurer and review by the Court, a deduction of attorneys' fees of one-third plus litigation expenses for Plaintiffs' attorneys (as approved by the Court), and an incentive award of up to $10,000.00 to each of the three Plaintiffs for representing the Settlement Class (to be paid only from a recovery from the insurance proceeds, and if approved by the Court). Any amount recovered pursuant to the Judgment remaining after payment of all costs of class notice and claims administration, the incentive payment to Plaintiffs (if any), the attorneys' fees (if any) and costs to Plaintiffs' attorneys, and the amounts paid to the Settlement Class members, shall be paid to charities as approved by the Court. Defendant will have no obligation with respect to the amount, method or cost of paying individual class members.

Plaintiffs' attorneys have determined that this Settlement is a fair, reasonable, and adequate compromise for the Settlement Class.

11. **Attorneys' Fees, Notice Costs and Related Matters**. Plaintiffs'

attorneys shall apply to receive attorney's fees of one-third of the recovery plus out-of-pocket costs incurred. Defendant will not oppose this request. At final approval, Plaintiffs' attorneys shall request reimbursement of their out-of-pocket expenses incurred to date from the $200,000 initially paid by Defendant.

12. **Condition Precedent**. It shall be a condition precedent for the validity and enforceability of this Agreement that the Court find and hold in both the Preliminary Approval Order and the Final Approval Order that:

(a)     This settlement was made in reasonable anticipation of liability;

(b)     The settlement amount is fair and reasonable;

(c)     Defendant's decision to settle conforms to the standard of a prudent uninsured;

(d)     The Judgment amount is that to which a prudent person in Defendant's position would have settled for on the merits of the claims in the Litigation;

(e)     Defendant arranged for the transmission of more than 669,000 faxes through a commercial service in 2009 and Defendant did not obtain the recipients' prior express invitation or permission to send those faxes;

(f)     Defendant believed that it had the recipients' consent to send the faxes, and/or that it had an established business relationship with the recipients;

(g)     Defendant did not intend to injure the fax recipients;

(h)     In 2009, Defendant tendered this Litigation to its insurers  for

defense and indemnity; and

(i)     Its insurers denied coverage and refused to defend.

If the Court does not make all of the above findings, this Agreement and any and all representations made hereunder shall be null and void *ab initio*.

13.     **Final Approval Order**. The Parties agree to request that the Court enter a Final Order and Judgment of Classwide Settlement (the "Final Approval Order") in the form attached hereto as <u>Exhibit 3</u>. This Agreement is contingent upon entry of a Final Approval Order. If the Court refuses to enter the Final Approval Order, or if the Court's Final Approval Order is reversed or substantially modified on appeal, then this Agreement and Settlement shall be null and void *ab initio* and no stipulation, representation or assertion of fact made in this Agreement may be used against any of the Parties hereto; and in that event, all Parties shall have the same rights they had prior to entering into this Agreement, including the right to pursue all post-judgment motions and appellate review of the Litigation before Magistrate Judge Schenkier. If the Court requires non-substantive changes in the Final Approval Order, such non-substantive changes will not invalidate this Agreement.

14.     **Effective Date**. Except to the extent that performance or forbearance is required to occur sooner by the terms set forth herein, this Agreement shall be effective (hereinafter the "Effective Date") upon the date the Final Approval Order becomes a final, non-appealable order, or if an appeal has been sought, after the disposition of any such appeal from the Final Approval Order, which disposition

approves the Court's Final Approval Order, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

15. **Settlement Class Enjoined**. On the Effective Date, Plaintiffs and the other members of the Settlement Class who did not opt out as described below will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant or its officers, directors, shareholders, members, partners, agents and employees of any kind, in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Litigation or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant and its officers, directors, shareholders, members, partners, agents and employees of any kind (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of members of the Settlement Class who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating

thereto, in this Action or the settled claims.

Plaintiff and each member of the Settlement Class, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendant and its officers, directors, shareholders and employees not to execute on the Judgment against Defendant, any of its past or present officers, stockholders, directors, members, partners, agents, employees of any kind, parents, affiliates, subsidiaries or divisions, or any other successors, assigns or legal representatives thereof, but rather have agreed to pursue collection of the Judgment against Defendant's insurance and Defendant's insurers only. This provision does not release the Judgment against Defendant to be entered herein, or the right to enforce the Judgment in favor of the Plaintiffs and the Settlement Class against Defendant's insurer and insurance policies.

16. **Cooperation**. Plaintiffs and Defendant agree to cooperate fully with one another to effect the consummation of this Agreement, to achieve the settlement provided for herein. Defendant agrees to provide assistance and information to Plaintiffs' counsel and to make reasonably available its employees to testify in any action against Defendant's insurers to collect the Judgment. To the extent that an employee or officer of Defendant is to testify at deposition, Plaintiffs and Plaintiffs' Counsel will use their best efforts to have the deposition conducted in Dallas, Texas. To the extent an employee or officer of Defendant is required to testify at trial or in deposition outside of Dallas, Texas, Plaintiffs and Defendant agree to split evenly

the travel costs of that employee or officer that are not otherwise chargeable to another party in the action.

17. **Satisfaction of Judgment**. Plaintiffs and the Settlement Class agree that, within 30 days after the later of the payment or satisfaction in full or settlement of the Judgment or the date of a final and non-appealable order entered by a Court in any litigation against Defendant's insurer finding that Defendant's insurer is not obligated to pay the amount of the Judgment or any portion thereof to the Settlement Class, the Settlement Class, upon written request from Defendant, shall file a Satisfaction of Judgment reflecting that it has been satisfied in full.

18. **Reporting of Judgment.** Plaintiffs' counsel agree to cooperate with Defendant at Defendant's request to explain to creditors, bankers or other third parties, that, other than the $200,000 Defendant shall pay pursuant in partial satisfaction of the TCPA portion of the Judgment, the Judgment against Defendant cannot be executed against any of Defendant's non-insurance assets.

19. **Miscellaneous Provisions**.

(a) Requests for exclusion and objections to the Agreement or notices to Plaintiffs and the Settlement Class shall be sent to Plaintiffs' attorneys:

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

-or-

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Ste. 1000

15

Chicago, IL 60602

(b)     Requests for exclusion and notices to Defendant shall be sent to:

Patricia Manno
King Architectural Metals, Inc.
P.O. Box 271169
Dallas, Texas 75227

(c)     This Agreement (including its exhibits) is intended to be a full and complete expression of the Parties' agreement. It supersedes any prior representation and agreement between the Parties or their legal counsel. This Agreement may not be altered, amended, or extinguished except by a writing that expressly refers to this Agreement and is signed subsequent to the execution of this Agreement by all of the Parties.

(d)     The Parties agree that any rule of interpretation requiring ambiguities to be resolved against the drafting party shall not apply to the interpretation to this Agreement.

(e)     This Agreement shall be governed by and interpreted by the laws of the State of Illinois without regard to any choice of law rules.

(f)     This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile signatures are acceptable for the execution of this Agreement.

(g)     The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they

have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts  (except as to such limitations on the scope of the representation undertaken by Sedgwick LLP, as conveyed by Sedgwick in confidence to King).

(h)     This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and to their respective agents, employees of any kind, representatives, trustees, officers, directors, shareholders, members, partners, divisions, parent corporations, subsidiaries, heirs, assigns, and successors in interest.

(i)     Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be

executed on the date set forth underneath their respective signatures.

CE Design, Ltd., individually and as the class of similarly-situated persons

By:_____

Its:_____

Date:_____

Paldo Sign And Display Company, individually and as the class of similarly-situated persons

By:_____

Its:_____

Date:_____

Addison Automatics, Inc., individually and as the class of similarly-situated persons

By:_____

Its:_____

Date:_____

King Supply Company, LLC d/b/a King Architectural Metals

By:_____

Its: PRESIDENT

Date: 09-27-2011

18

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

CE Design, Ltd., individually and as the class of similarly-situated persons

By: _____

Its: _____Attorney_____

Date: __9/27/11_____

King Supply Company, LLC d/b/a King Architectural Metals

By: _____

Its: _____

Date: _____

Paldo Sign And Display Company, individually and as the class of similarly-situated persons

By: _____

Its: _____Attorney_____

Date: __9/27/11_____

Addison Automatics, Inc., individually and as the class of similarly-situated persons

By: _____

Its: _____Attorney_____

Date: __9/27/11_____

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

CE Design, Ltd., individually and as the class of similarly-situated persons

By:_____

Its:_____

Date:_____

King Supply Company, LLC d/b/a King Architectural Metals

By:_____

Its:_____

Date:_____

Paldo Sign And Display Company, individually and as the class of similarly-situated persons

By: _Joel Paldo_

Its: _VICE PRESIDENT_

Date: _9-27-2011_

Addison Automatics, Inc., individually and as the class of similarly-situated persons

By:_____

Its:_____

Date:_____

18

Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CE DESIGN LTD., PALDO SIGN AND DISPLAY COMPANY, and ADDISON AUTOMATICS, INC., Illinois corporations, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) | |
| | ) | Case No. 09-CV-2057 |
| Plaintiffs, | ) ) | |
| | ) | Magistrate Judge Schenkier |
| v. | ) ) | |
| KING SUPPLY COMPANY, LLC d/b/a ARCHITECTURAL METALS, | ) ) ) | |
| Defendant. | ) | |

## ORDER CERTIFYING THE SETTLEMENT CLASS, PRELIMINARILY APPROVING THE CLASS ACTION SETTLEMENT, AND APPROVING THE CLASS NOTICE

This matter coming before the Court by stipulation of the parties and after review and consideration of the Settlement Agreement, and after a hearing held on _____, 2011, IT IS HEREBY ORDERED:

1. By motion of the Plaintiffs, and pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following Settlement Class of persons alleging one or more of the causes of action in the Second Amended Complaint:

> All persons who were sent any telephone facsimile message in 2009 by King Architectural Metals but who did not directly request that King Architectural Metals send the specific facsimile they received.

Excluded from the Settlement Class are King Supply Company, LLC d/b/a King Architectural Metals, any of its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, members, partners, agents, servants, and employees of any

kind, and the members of their immediate families. Also excluded will be those who timely exercise their right of exclusion.

2. The Court finds, for the purposes of this settlement only, that class certification is appropriate under Federal Rule of Civil Procedure Rule 23(b)(3) have been met because: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are common questions of fact or law that predominate over any questions affecting only individual members; (c) the claims of Plaintiffs are typical of those of the class; (d) Plaintiffs and their attorneys will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is a superior method for the fair and efficient settlement of this controversy. These findings are without prejudice to Defendant's right to contest class certification for litigation purposes in the event that this settlement does not become finally approved in a final, non-appealable order. The Court further retains the right to re-examine whether a litigation class could be certified if this settlement is not finally approved in a final, non-appealable order.

3. The Court appoints Plaintiffs as the "Class Representatives" and appoints Plaintiffs' attorneys (Phillip A. Bock of Bock & Hatch, LLC and Brian J. Wanca of Anderson + Wanca) as "Class Counsel" for the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved. The Court finds that: (a) the settlement is made in reasonable anticipation of liability; (b) the settlement amount is fair and reasonable; (c) Defendant's decision to settle conforms to the standard of a prudent uninsured; (d) the agreed judgment

amount is that to which a prudent person in Defendant's position would have settled for on the merits of the claims in this litigation; (e) Defendant arranged for the transmission of more than 669,000 faxes through a commercial service in 2009 and Defendant did not obtain the recipients' prior express invitation or permission to send those faxes; (f) Defendant did not intend to injure the fax recipients; (g) Defendant believed that it had the recipients' consent to send the faxes, and/or that it had an established business relationship with the recipients and/or that it had an established business relationship with the recipients; (h) in 2009 Defendant tendered this Litigation to its insurers for defense and indemnity; and (i) its insurers denied coverage and refused to defend.

5. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

6. The Settlement Agreement proposes to send a class notice in the form of Exhibit 2 to the Settlement Agreement by fax. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances, and that it satisfies the requirements of due process, Rule 23(c)(2) and Rule 23(e)(1). That plan is approved and adopted. The Court further finds that the Notice Proposed Settlement complies with Federal Rule of Civil Procedure 23, is appropriate as part of the notice plan, and is approved and adopted. The Court orders that Class counsel shall provide notice to the Class by fax. Pursuant to the Settlement Agreement, the Court orders that Defendant pay the cost of sending the notice by fax.

7.      The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the parties to incorporate the deadlines and dates in the Class Notice:

(a)      Defendant shall cause the class notice to be sent by fax on or before _____, 2011;

(b)      Requests by any class member to opt out of the settlement must be served upon Plaintiffs' counsel and Defendant on or before _____, or shall be forever barred;

(c)      Objections and motions to intervene, filed by any settlement class member, shall be filed in this Court and postmarked and served on Plaintiffs' counsel and Defendant on or before _____, or shall be forever barred;

(d)      All memoranda filed by any class member in connection with objections, motions to intervene, or the Final Approval Hearing must be filed in this Court, and postmarked and served on Plaintiff's counsel and Defendant on or before _____, or shall be forever barred.


(e)      Any class member wishing to speak at the Fairness Hearing, individually or through counsel, must provide notice to the Parties within five (5) business days of the Fairness Hearing.

8.      The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for _____, at _____ am/pm, in Room _____.

ENTER:

_____

The Honorable Sidney I. Schenkier

Exhibit 2

**THIS IS A NOTICE OF A LAWSUIT SETTLEMENT**
**You received this notice because your fax number was identified on a list**
**of fax numbers to which Defendant sent facsimiles in 2009 .**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CE DESIGN LTD., PALDO SIGN AND DISPLAY COMPANY, and ADDISON AUTOMATICS, INC., Illinois corporations, individually and as the representatives of a class of similarly-situated persons, Plaintiffs, | ) ) ) ) ) | Case No. 09-CV-2057 |
| v. | ) ) ) | Magistrate Judge Schenkier |
| KING SUPPLY COMPANY, LLC d/b/a ARCHITECTURAL METALS, Defendant. | ) ) | |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

TO:     All persons who were sent any telephone facsimile message in 2009 by King Architectural Metals but who did not directly request that King Architectural Metals send the specific facsimile they received.(described herein as the "Class").

The Court ordered us to send you this Notice because you may be a member of the Class. Your fax number was included on a list of fax numbers to which Defendant sent facsimiles in 2009.  This Notice explains the nature of the lawsuit and the settlement, and informs you of your legal rights.

**A.     WHAT THIS LAWSUIT IS ABOUT:** Plaintiffs allege that Defendant violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), the Illinois Consumer Fraud Act and the common law of conversion by sending advertisements to the Class by fax without their prior express invitation or permission. Defendant denies Plaintiffs' allegations, raised defenses to the claims, and denied that the case could proceed on a class basis.

**B.     THE PROPOSED SETTLEMENT:** Plaintiffs and Defendant have agreed to the class-wide settlement described below. The Court has certified the Class defined above for settlement purposes only, and preliminarily approved the settlement subject to a final fairness hearing.

        **1.     Recovery to Class Members:** As part of the settlement, the Court will enter judgment against Defendant and in favor of the Class (represented by Plaintiffs and their attorneys) in the total amount of $20,000,000. Defendant is paying $200,000 of the judgment immediately and the remainder of the judgment will be collectible only from the proceeds of Defendant's insurance policies. The initial $200,000 will be held in a trust account until the insurance issues are resolved, and available funds will be distributed pursuant to order of the Court. Defendant's insurer has denied that its policies cover the claims at issue and refuses to pay anything. Plaintiffs will seek recovery of the judgment against Defendant's insurance policies in further court proceedings. The decision to proceed in this manner is largely due to the fact that Defendant does not have significant assets other than insurance and, in the absence of this settlement, any judgment executed against Defendant would likely force it into bankruptcy and not generate additional funds for the Class. This settlement provides the best opportunity for a meaningful recovery by the Class members.  The Settlement will require that class members not pursue individual claims against the Defendant.

The $20,000,000 judgment will comprise the Class recovery. Plaintiffs' attorneys will pursue litigation against Defendant's insurer to attempt to recover the judgment (except for the $200,000 to be paid by Defendant). Each Class member, including Plaintiffs, that does not exclude itself now will receive a pro rata share of the Class recovery by check once the full amount of the settlement funds are known. The litigation against Defendant's insurer might not be successful. The Class recovery is subject to further litigation and compromise, and a deduction for attorney's fees equal to one-third plus additional costs of the amount recovered from the insurer(s), if any.

**2.** **Attorneys fees, expenses, and incentive awards:** At the fairness hearing in this case, Plaintiffs' attorneys will request that the Court appoint them to represent the Class to pursue recovery of the judgment under Defendant's insurance policies on a contingency basis at the rate of one-third of any eventual recovery from that insurance, plus out-of-pocket expenses incurred in that effort. Plaintiffs' attorneys will request that the Court authorize them to withdraw reimbursement of their out-of-pocket expenses from the $200,000 paid by Defendant, but they will not be paid any attorneys fees at this time. Additionally, Plaintiffs' attorneys will request that the Court authorize an incentive award of up to $10,000 to each of the three named Plaintiffs for serving as the Class Representatives, but they will not be paid these sums unless there is a recovery from the insurer. If there is no recovery from the insurers, then Plaintiffs' attorneys intend to petition the Court to award fees to compensate for their litigation costs and expenses.

**C.** **PLAINTIFFS' ATTORNEYS' OPINION OF THE VALUE OF THE SETTLEMENT:** Plaintiffs' attorneys support the settlement. In an individual TCPA action, a prevailing plaintiff may recover $500 in statutory damages (which could be trebled to $1,500 if a knowing or willful violation were shown). If the plaintiff does not prevail, it will receive no payment. Defendant has asserted defenses to both the liability and damage allegations, and to the ability of this case to proceed on a class basis. In addition, Defendant's assets are limited. Except through its insurance policies, Defendant cannot pay an award based on the more than 669,000 faxes allegedly sent in 2009. Defendant's insurance policies are the only meaningful source of recovery. The insurer has denied coverage and denied that it owes any money, but Plaintiffs' attorneys will seek to recover the judgment from Defendant's insurance.

**D.** **FAIRNESS HEARING:** The Court will hold a hearing on the fairness of the proposed settlement. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including the attorneys' fees and expenses requested by Plaintiff's attorneys. The fairness hearing will take place on _____ at _____ in Room _____ in the United States District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, IL. You are **not** obligated to attend this hearing, but you may if you wish. The fairness hearing may be continued to a future date without further notice to the Class. If the Court does not approve the settlement, the case will proceed as if no settlement has been attempted.

**E.** **YOUR THREE OPTIONS:**

**1.** **Do nothing:** If you do nothing, you will remain a member of the class. You will be bound by the settlement and the judgment, and will not be able to pursue an action of your own against the Defendant. You will receive by mail your pro rata share of the award at such time as the total sum of the funds becomes known. If there is no recovery from the insurers, then Plaintiffs' attorneys intend to petition the Court to award fees to them to compensate for their litigation costs and expenses.

**2.** **You can opt out of the settlement:** You have the right to exclude yourself from both the class action and the settlement by submitting a written request for exclusion. Your request for exclusion must be postmarked on or before _____, 2011, and it must list your name, fax number, street address, and the name and number of this case. It must indicate that you wish to be excluded from the case - "Exclude me from the King Supply case." You must

send your request for exclusion to one of the attorneys for the Plaintiffs and also to the Defendant, at the following addresses, postmarked by that date:

<u>Plaintiff's Attorneys/Class Counsel:</u>
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
(847) 368-1501 (fax)

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
(312) 658-5555 (fax)

<u>Defendant:</u>

Patricia Manno
King Architectural Metals, Inc.
P.O. Box 271169
Dallas, Texas 75227-1169

**3.** **<u>You can object to the settlement</u>:** If you disagree with the settlement, and wish to object rather than simply excluding yourself, you, or an attorney of your own selection, must submit your objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604. Your objection must be postmarked by _____, 2011, and must refer to the name and number of the case. You must also serve copies of your objection on the attorneys for the Plaintiffs and for Defendant listed above, postmarked by the same date. Any objection must include your name, fax number, and street address, the name and number of this case, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the Class. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING BUT YOU MAY IF YOU WISH. YOU MAY ALSO APPEAR THROUGH COUNSEL OF YOUR OWN SELECTION. YOU OR YOUR ATTORNEY ARE NOT PERMITTED TO SPEAK AT THE HEARING UNLESS YOU INFORM THE PARTIES OF YOUR INTENT TO APPEAR, IN PERSON OR THROUGH YOUR OWN COUNSEL, NO LATER THAN FIVE BUSINESS DAYS BEFORE THE HEARING. Please note that it is not sufficient to simply state that you object. You must state reasons why you believe the settlement should not be approved.

**F.** **INQUIRIES:** This description of the case is general and does not cover all of the issues and proceedings. Any questions you or your attorney may have concerning this Notice should be directed to Phillip A. Bock of Bock & Hatch, LLC at the address listed above. You can call him at 312-658-5501. <u>Include the case number, your name, your fax number, and your current street address on any correspondence</u>. Please do not contact the Clerk of the Court, the Judge, the Judge's staff, or Defendant's attorneys, because they cannot answer your questions or give you advice about this settlement. To see the complete court file, including a copy of the settlement agreement, you can visit the office of the Clerk of the U.S. District Court for the Northern District of Illinois. The Clerk will make the files relating to the lawsuit available to you for inspection and copying at your own expense.

**BY ORDER OF THE COURT**
**HONORABLE MAGISTRATE JUDGE SIDNEY I. SCHENKIER**

Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CE DESIGN LTD., PALDO SIGN AND DISPLAY COMPANY, and ADDISON AUTOMATICS, INC., Illinois corporations, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| | ) | Case No. 09-CV-2057 |
| Plaintiffs, | ) ) | Magistrate Judge Schenkier |
| v. | ) ) | |
| KING SUPPLY COMPANY, LLC d/b/a ARCHITECTURAL METALS, | ) ) ) | |
| Defendant. | ) ) | |

## FINAL APPROVAL AND JUDGMENT OF CLASSWIDE SETTLEMENT

WHEREAS, Plaintiffs (on behalf of themselves and the Settlement Class) and Defendant filed an executed Settlement Agreement (the "Agreement") with the Court on _____, 2011; and

WHEREAS, the Court, on _____, 2011, entered an Order Preliminarily Approving the Class Action Settlement, and Approving the Class Action Settlement Notice (the "Preliminary Approval Order"), and directed that the Notice of Proposed Settlement be distributed to Settlement Class Members, and scheduled a hearing to be held on _____, to determine whether the Settlement should be approved as fair, reasonable, and adequate; and

WHEREAS, Plaintiffs have demonstrated to the Court that such Notice of Proposed Settlement was distributed in accordance with the terms of the

Preliminary Approval Order; and

WHEREAS, in accordance with the Notice of Proposed Settlement disseminated to the Settlement Class Members, a hearing was held on _____, at which all interested persons were given an opportunity to be heard;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Agreement, including statements in open court, finds and concludes as follows:

1.    The Complaint in this action alleged that Defendant faxed unsolicited advertisements to Plaintiffs and the other members of a putative class. The Complaint alleged Defendant's practice violated federal law and state law and caused damages to Plaintiffs and the other members of a putative class.

2.    In the Preliminary Approval Order, pursuant to Federal Rule 23, the Court certified the "Settlement Class" of persons alleging one or more of the causes of action in the Second Amended Complaint defined as follows:

> All persons who were sent any telephone facsimile message in 2009 by King Architectural Metals but who did not directly request that King Architectural Metals send the specific facsimile they received.

Excluded from the Settlement Class are King Supply Company, LLC d/b/a King Architectural Metals, and its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, agents, servants, partners, members and employees of any kind, and the members of their immediate families. The parties have expressly agreed to this Settlement Class definition for settlement purposes only.   Also excluded are those who timely exercised their right of exclusion.

3.     Further, the Court appointed Plaintiffs as the "Class Representatives" and appointed attorneys Phillip A. Bock and Brian J. Wanca as "Class Counsel" for the settlement class.

4.     Plaintiffs and Defendant executed the Agreement and filed it with the Court. The Agreement provides for the settlement of this action on behalf of Plaintiffs and the Settlement Class, subject to the Court's approval. The Court scheduled a hearing to consider approval of the Agreement, and directed that notice of the Agreement and of this hearing be disseminated to the Settlement Class in accordance with the terms of the Preliminary Approval Order.

5.     In accordance with the terms of both the Agreement and the Preliminary Approval Order, Plaintiffs caused the Notice of Proposed Settlement to be disseminated, informing potential Settlement Class Members of the pendency of this Action and of the terms of the settlement, and of their opportunity to request exclusion from the Settlement Class or to object to the terms of the settlement. Defendant's attorneys confirmed to the Court with the Affidavit of Mano De Ayala_____, that the dissemination of the Notice of Proposed Settlement had occurred in accordance with the Preliminary Approval Order.

6.     The Court hereby finds that the Notice of Proposed Settlement disseminated to the Settlement Class Members in accordance with the terms of the Preliminary Approval Order constituted the best notice practicable under the circumstances, and complied with Federal Rule of Civil Procedure 23(c)(2) and 23(e)(1). The Affidavit confirming dissemination of the Notice of Proposed

Settlement filed with this Court demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice of Proposed Settlement was complied with, and that the best notice practicable under the circumstances was in fact given, and constituted valid, due, and sufficient notice to Settlement Class Members.

7.     Plaintiffs have applied to the Court for final approval of the terms of the Agreement and for the entry of this Final Approval Order. Pursuant to the Notice Proposed Settlement, and upon notice to all parties, a hearing was held before this Court on _____, to determine whether the Court should approve the Agreement as a fair, reasonable, and adequate compromise of this litigation, and whether the Final Approval Order, without prejudice to the enforcement of the final judgment entered, should be entered.

8.     The Court hereby finds that the Agreement is the result of good faith, arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

9.     Additionally, based upon the evidence in the record and statements made in open court, the Court finds as follows:

a.     that the settlement is made in reasonable anticipation of liability;

b.     that the settlement amount is fair and reasonable;

       c.      that Defendant's decision to settle conforms to the standard of a prudent uninsured;

       d.      that the judgment amount is that to which a prudent person in Defendant's position would have settled for on the merits of the claims in this Litigation;

       e.      Defendant arranged for the transmission of more than 669,000 faxes through a commercial service in 2009 and Defendant did not obtain the recipients' prior express invitation or permission to send those faxes;

       f.      Defendant believed that it had the recipients' consent to send the faxes, and/or that it had an established business relationship with the recipients;

       g.      Defendant did not intend to injure the fax recipients;

       h.      In 2009 Defendant tendered this Litigation to its insurers for defense and indemnity; and

       k.      Its insurers denied coverage and refused to defend.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

       A.      The Court possesses jurisdiction over the subject matter of this Action, the Plaintiffs, the Settlement Class Members, and Defendant. The Court certifies the following Settlement Class:

> All persons who were sent any telephone facsimile
> message in 2009 by King Architectural Metals but who did
> not directly request that King Architectural Metals send

the specific facsimile they received (the "Settlement Class").

Excluded from the class are King Supply Co. LLC, d/b/a King Architectural Metals, any of its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, members, partners, agents, servants, and employees of any kind and the members of their immediate families. Also excluded are those persons identified in Paragraph C. below.

B. It is hereby determined that the Notice of Proposed Settlement, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to members of the Settlement Class, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by Plaintiffs complied fully with the requirements of due process, under Federal Rule of Civil Procedure 23(c)(2) and 23(e)(1), and all other applicable laws.

C. _____ members of the Settlement Class requested exclusion. Exhibit 1. The persons listed on Exhibit 1 to this order are hereby excluded from the Settlement Class. All remaining Settlement Class Members are bound by this Final Judgment and by the Agreement and the

settlement embodied therein, including the covenant not to execute provided for in the Agreement and in this Final Approval Order.

D.      All provisions and terms of the Agreement are hereby found to be fair, reasonable, and adequate as to the Settlement Class Members and Plaintiffs, and all provisions and terms of the Agreement are hereby finally approved in all respects. The Agreement was made in reasonable anticipation of liability. The settlement amount is fair and reasonable. Defendant's decision to settle conforms to the standard of a prudent uninsured. The agreed judgment amount is what a prudent person in Defendant's position would have settled for.

E.      The Court enters judgment against Defendant in the total amount of $20,000,000.00, apportioned as follows: (i) $15,650,415 for the TCPA claims; (ii) $3,349,585 for the conversion claims; and (iii) $1,000,000 for all other claims of any other kind. As agreed between the parties, in a dollar-for-dollar partial satisfaction of $200,000 of the judgment for TCPA claims, Defendant shall pay $200,000 by wire transfer or certified check within three business days after this order becomes final and non-appealable to Plaintiffs' attorneys. The Court orders that Plaintiffs' attorneys hold that $200,000 in a segregated client trust account for the benefit of the Settlement Class. The remaining portion of the Judgment shall be satisfied only through the proceeds of Defendant's insurance policies. Any recovery obtained on the

Judgment shall not be disbursed except upon approval by the Court. The Court retains jurisdiction over this case for purposes of implementing this order

F.    It is hereby ordered that each of the three Named Plaintiffs shall receive $10,000 from any recovery against Defendant's insurer(s), in accordance with the Agreement, as incentive payments for their services to the Settlement Class. Each Settlement Class member, including Plaintiffs, who does not exclude himself will be sent a pro rata share of the amount recovered, after the deductions approved herein. Such payments will be made by checks void 90 days after issuance.

G.    It is hereby ordered that Plaintiffs' attorneys may withdraw from the $200,000 payment by Defendant reimbursement of their out-of-pocket expenses already incurred totaling $_____. It is further ordered that Plaintiffs' attorneys shall, for the reasons set forth in their fee petition, receive attorneys' fees equal to one third of any recovery against Defendant's insurer(s), plus their out-of-pocket expenses not already reimbursed, in accordance with the Agreement.

H.    It is hereby ordered that any funds received from Defendant's insurer(s) remaining after payment of all class administration costs, the incentive awards to Plaintiffs, the attorney's fees and costs to Plaintiffs' attorneys, and all payments to the Settlement Class

8

members, shall be paid as a *cy pres* award to a charity or charities approved by this Court at the request of Plaintiffs' attorneys.

I.     On entry of this Final Order, Plaintiffs and any Settlement Class member who did not opt out will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant and/or any of its parents, subsidiaries, divisions, affiliates, officers, directors, shareholders, partners, members, agents, servants and employees of any kind, in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant or its parents, subsidiaries, divisions, affiliates, officers, directors, shareholders, agents, servants, partners, members, and employees of any kind (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of

9

Settlement Class Members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action or the settled claims.

J.    Plaintiffs and each Settlement Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendant and its officers, directors, shareholders and employees not to execute on the Judgment against Defendant, or any of its past or present officers, stockholders, directors, employees of any kind, partners, members, agents, servants, parents, affiliates, subsidiaries or divisions, or any other successors, assigns or legal representatives thereof, but rather have agreed to pursue collection of the Judgment solely against Defendant's insurance policies and Defendant's insurer(s) only. This provision does not release the judgment against Defendant to be entered herein, or the right to enforce the judgment in favor of the Plaintiffs and the Settlement Class against Defendant's insurers only.

K.    The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res*

*judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

L. The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order and the accompanying Final Judgment, the Court retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, this Order, and the final judgment contained herein and any future recovery for the class against Defendant's insurer.

M. Defendant shall cooperate fully with Plaintiffs in all subsequent actions against Defendant's insurers, as provided in the Settlement Agreement.

N. This is a final and appealable order and there is no just reason to delay enforcement or appeal.

O. Should the Settlement not become effective in accordance with the terms set forth in the Settlement Agreement, this Approval Order and Judgment shall be null and void to the extent provided and in accordance with the Settlement Agreement and shall be vacated, and all orders entered in connection herewith will be null and void in accordance with, and to the extent provided by the Settlement Agreement.

P.   Post-judgment interest shall accrue from the date of entry of this

Judgment Order.


ENTER:


Dated: _____          _____
                                The Honorable Sidney I. Schenkier